**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jerry Lee PAYNE, a.k.a. Jerry Lee Rayne, Defendant–Appellant.**

No. 06–30002.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2006.*

Filed Dec. 29, 2006.

USBO–Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Greg S. Silvey, Esq., Boise, ID, for Defendant–Appellant.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

### MEMORANDUM **

Jerry Lee Payne, also known as Jerry Lee Rayne ("Appellant"), appeals the 180–month sentence imposed by the district court for conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not clearly err when it found Appellant had not played merely a minor role in the conspiracy to distribute methamphetamine. *See* U.S.S.G. § 3B1.2. Appellant's role exceeded that of transporting or providing a holding area for the drugs: he received information from Garcia that a new drug package should be distributed and acted on that information, by distributing the drugs to Babbs. Appellant has not shown that he is "substantially less culpable than the average co-participant." *United States v. Pizzichiello*, 272 F.3d 1232, 1237 (9th Cir.2001). The court correctly calculated the original Guidelines range of 235 to 293 months.

Appellant argues the court improperly considered the Guidelines range as the presumptive sentence. This argument also is unsupported by the record. The court granted a three-level downward variance from the 235 to 293 month range after it concluded that certain factors enumerated in 18 U.S.C. § 3553(a) supported imposition of a lower sentence. These included Appellant's relatively limited role in the offense; his history and characteristics, including his mental limitations; and the relatively low need for adequate deterrence given the slight likelihood of recidivism. *See* 18 U.S.C. § 3553(a). The court acted properly, and the sentence is reasonable. *See United States v. Cantrell*, 433 F.3d 1269, 1279–80 & n. 5 (9th Cir.2006).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

